**Antonio Cortez BUCKLEY, Plaintiff—Appellant,**

v.

**Robert PRESLEY, Secretary of the Youth and Adult Correctional Agency; et al., Defendants—Appellees.**

No. 04–16576.

D.C. No. CV–00–01486–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Jan. 17, 2006.

---

Before TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM *

California inmate Antonio Cortez Buckley filed suit under 42 U.S.C. § 1983 against several institutional Defendants alleging violations of his constitutional rights. The district court granted Defendants' motion for summary judgment, and Buckley appeals on three issues. First, that Buckley was denied his First Amendment right to freely exercise his religion when correctional officers confiscated one

of his Jewish prayer shawls. Second, that Buckley was subjected to cruel and unusual conditions in violation of the Eighth Amendment when he was forced to stand in a small holding "cage" for eleven hours without clothing, water, or medical attention. And third, that the officers who confiscated Buckley's prayer shawl and who held him in unconstitutional conditions did so in retaliation for grievances he earlier filed. We have jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm in part and reverse and remand in part.

"We review *de novo* a district court grant of summary judgment." *San Jose Christian Coll. v. City of Morgan Hill,* 360 F.3d 1024, 1029 (9th Cir.2004) (internal quotation omitted). We will affirm "only if the evidence, read in the light most favorable to [Buckley], demonstrates that there is no genuine issue as to any material fact, and [Defendants are] entitled to judgment as a matter of law." *Keenan v. Allan,* 91 F.3d 1275, 1278 (9th Cir.1996).

■ To demonstrate a First Amendment violation, Buckley must show that the confiscation of his prayer shawl substantially burdened his ability to observe a central religious belief or practice. *Hernandez v. Comm'r,* 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989). Buckley failed to present any evidence in the district court that he required multiple prayer shawls or the particular prayer shawl confiscated to practice his religion. Absent this showing, the only reasonable inference is that Buckley's ability to practice his religion was not burdened by the confiscation of one of his prayer shawls, when he was left with three other prayer shawls. We affirm the district court's grant of summary judgment on this issue.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

To state an Eighth Amendment claim, a prisoner must demonstrate not only that his conditions of confinement were objectively "sufficiently serious," but also that prison "officials act[ed] with a sufficiently culpable state of mind," *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), namely deliberate indifference, *id.* at 303, 111 S.Ct. 2321.

We have held that "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000). More specifically, we have said that: (1) evidence of a substantial deprivation of drinking water could show "harm of sufficient magnitude to satisfy the objective prong of an Eighth Amendment violation," *id.* at 732; *see also Hearns v. Terhune,* 413 F.3d 1036, 1043 (9th Cir.2005); and (2) "[a] 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury *or the 'unnecessary and wanton infliction of pain,'*" *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) (emphasis added). Further, the Supreme Court has stated that it constitutes cruel and unusual punishment when a prisoner is "treated in a way antithetical to human dignity [by being placed] for an extended period of time in a position that [is] painful, and under circumstances that [are] both degrading and dangerous." *Hope v. Pelzer,* 536 U.S. 730, 745, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

■ When the evidence is taken in the light most favorable to Buckley, he has set forth facts sufficient to demonstrate objective Eighth Amendment violations for deprivations of water, medical attention, and clothing. Further, a reasonable jury could infer that Defendants acted with deliberate indifference from Buckley's allegations that Defendants forced him to stand in a weave mesh metal "cage" for eleven hours wearing nothing but an athletic supporter, and ignored his repeated requests for water and medical care. The district court erred in granting summary judgment on Buckley's Eighth Amendment claims.

■ The district court also erred in granting summary judgment on Buckley's claims that the confiscation of his prayer shawl and the conditions of his eleven-hour confinement were imposed in retaliation for a grievance he filed against a corrections officer. In order to state a § 1983 retaliation claim, Buckley "must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals...." *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994).

Buckley introduced evidence (1) that his prayer shawl was confiscated the same day he filed his grievance, and (2) that prison officials confiscated the prayer shawl, despite previously approving its use. This evidence creates a genuine issue of material fact whether the prison officials acted out of retaliation. *See Rhodes v. Robinson,* 408 F.3d 559, 563 n. 2 (9th Cir.2005); *Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir.2003).

Taking the facts in the light most favorable to Buckley, Defendants have not demonstrated legitimate penological goals that were served by their actions.

**AFFIRMED** in part; **REVERSED** and **REMANDED** in part.

The parties shall bear their own costs on appeal.